

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN. TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 13, 1947

Honorable Thomas D. Broad,
Secretary-Treasurer,
State Board of Architectural Examiners,
Burt Building,
Dallas, Texas

Opinion No. V-339

Re: The effect of H. B. 269,
50th Legislature upon
Chapter 274, Acts of the
48th Legislature govern-
ing registration and ex-
amination of architects.

Dear Sir:

Your request for an opinion upon the above
subject matter is as follows:

"We refer to House Bill No. 269 amending
and re-enacting Chapter 274, page 406,
Section 1, Acts of the Forty-eighth Legis-
lature and extending the time for regis-
tering under this Act without examination.

"The original Act provided that the prac-
tice of Architecture at the time of appli-
cation be a man's principal means of live-
lihood. It also provided that he be 21
years of age. House Bill No. 269 does not
mention these provisions. Are we to pre-
sume that these conditions are still in ef-
fect or does House Bill No. 269 specifical-
ly take the place of the original measure
and set aside those provisions which are
not now mentioned in it."

Section 35 of Article III of the Constitu-
tion declares:

"No bill, except general appropria-
tion bills which may embrace the various
subjects and accounts, for and on account
of which moneys are appropriated, shall

contain more than one subject, which shall
be expressed in its title. . . ."

Under this section it has been many times
held that where the title to a bill is affirmatively
misleading or deceptive it does not state the subject
within the meaning of the Constitution, and such bill,
if passed by the Legislature is ineffective.  Gulf
Ins. Co. v. James, 185 S. W. (2d) 966; Walker v. State,
116 S. W. (2d) 1076; City of Cross Plains v. Radford,
73 S. W. (2d) 1093; Sutherland v. Board of Trustees,
161 S. W. 489 (writ ref.)

The title to House Bill No. 269 is as fol-
lows:

"An act to amend and re-enact Chap-
ter 274, page 406, Section 1, Acts of the
48th Legislature, so that an additional
period is provided in which practicing
architects who were practicing on May 22,
1937, may register and receive a certifi-
cate without examination; and declaring
an emergency."

It will be noted the title specifically
names the respect in which Section 1 (the only section
in the original act) is to be amended, that is, "so
that an additional period in which practicing architects
who were practicing on May 22, 1937, may register and
receive a certificate without examination."

The act has gone beyond this expressed sub-
ject of amending Chapter 274 in that it has amended that
chapter in other respects.  In order that this may be
graphically shown we quote the relevant portions of the
amended and the amending Sections 1 as follows:

Section 1 of Chapter 274:

"That any person of good moral char-
acter who, on May 22, 1937, was practicing
architecture in the State of Texas, as his
or her principal vocation and had been so
engaged in the practice of architecture for
a period of at least six (6) months prior to
May 22, 1937, and who shall present to the

Board of Architectural Examiners of
this State an affidavit to that effect,
shall be entitled to receive from said
Board, . . ." (portion underscored is
omitted)

Section 1 of House Bill No. 269:

"That any person of good moral
character, who on May 22, 1937, was
practicing architecture in Texas, <u>or
who was a citizen of Texas and was
practicing architecture in the employ
of an American Company in a foreign
country</u> and had been engaged in the
practice of architecture six (6) months
prior to May 22, 1937, and who shall
present to the Board of Architectural
Examiners of this State an affidavit to
that effect shall be entitled to re-
ceive from said Board. . . ."(portion
underscored is added.)

We have underscored those portions of Chap-
ter 274 which have been omitted in House Bill No. 269,
and likewise those provisions of House Bill 269 that
have been added.  Normally an amendment of a statute can
be made by <u>omission</u> as well as by <u>addition</u>.  It cannot
be said that the portions omitted in the process were
insubstantial.  They are of the substance of the law.
They were written with meticulous care.

We need not decide the question of the ef-
fect of House Bill No. 269 upon Chapter 274 of the 48th
Legislature because we have reached the conclusion that
House Bill No. 269, as passed, is void and has no effect
whatever; for which reason, of course, Chapter 274 of
the 48th Legislature remains unaffected as the law.

## SUMMARY

House Bill 269 of the 50th Legis-
lature, amending Chapter 274 of the 48th
Legislature with respect to registration
and examination of architects is void

because of a misleading and deceptive
title declaring the purpose and ex-
tent of the amendment proposed.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Ocie Speer*
   Ocie Speer
   Assistant

OS:wb

APPROVED:

*Price Daniel*
ATTORNEY GENERAL